ALEX HAGEL, WSBA No.  55423
SYDNEY A. BAY, WSBA No. 56908
Cedar Law PLLC
600 1st Ave., Ste. 330, PMB 96563
Seattle, WA 98104
T: (206) 607-8277
F: (206) 237-9101
E: alex@cedarlawpllc.com
E: sydney@cedarlawpllc.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HEATHER GREGORY, individually, and in her capacity as parent and guardian of minor student, O.G.<br><br>Plaintiffs,<br><br>v.<br><br>COLVILLE SCHOOL DISTRICT NO. 115,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>JURY DEMAND |

Plaintiffs, by and through their attorneys, allege as follows:

## I.     PRELIMINARY STATEMENT

1.1     This is primarily a disability and race discrimination case brought by

student O.G. by and through her mother Heather Gregory (at times, "Parent" or

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 1

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

"Mother") against the Colville School District ("Defendant" or "District").

1.2    As a student with Social Anxiety Disorder, Autism Spectrum Disorder (ASD), Major Depressive Disorder, and Obsessive-Compulsive Disorder (OCD), O.G. is an individual with a disability under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act (42 U.S.C. § 12131(2)), and the Washington Law Against Discrimination (WLAD), which has led to academic deficits based on the District's complete failure to provide her the necessary accommodations related to her disability.

1.3    O.G. is a Mexican-American student. For years, she has endured unchecked racist comments by peers, of which has only increased in the past two years. These comments are specifically directed at her and other Latino students.

1.4    For almost the entirety of the last two school years (2023-2024 and 2024-2025), the District has **admittedly** failed to implement the accommodations guaranteed to her in her "504 plan." Under Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990, the District had an affirmative obligation to provide those accommodations and the District's failure to implement those agreed upon accommodations constitutes both direct discrimination and deliberate indifference to discrimination.

1.5    Additionally, the District had a duty to evaluate O.G. to determine

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

the types and extent of her disabilities and provide her reasonable accommodations, when those accommodations were not working. Instead, the District denied providing reasonable accommodations and instead created a volatile environment, triggng O.G.'s mental health decline. As a result, the District's actions (and inactions) have greatly aggravated O.G.'s anxiety and depression.

1.6   The severe mental and emotional anguish O.G. experienced as a direct result of the District's failures was foreseeable. The District was aware of O.G.'s diagnoses through repeated advocacy from O.G. and her Mother. The District was aware that she was failing to access her education in her classes, and that the 504 in place provided her with insufficient support. Yet, the District failed to act.

1.7   The level of anxiety that school caused her, with no support, became too great for O.G. and she ultimately refused to go to school, secluding herself in her own bedroom, refusing to interact with her family, and at times stated she would rather kill herself than be forced to go back to that school.

1.8   Now, Plaintiff, O.G., by and through her Mother and attorneys, bring this action against Defendant for violations of her rights under Section 504 of the Rehabilitation Act ("Section 504") and Title II of the Americans with Disabilities

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 3

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

Act (42 U.S.C. § 12131(2)) ("ADA"). Plaintiffs also bring claims under Washington State Law Against Discrimination ("WLAD"), for discrimination based on disability and race.

## II. PARTIES

2.1    Plaintiff O.G. is currently 16 years old Mexican American student who lives with her Mother in Colville, Washington.

2.2    Heather Gregory is the mother and legal guardian of student O.G.

2.3    At all material times Plaintiffs were residents of the city of Colville, in the County of Stevens, State of Washington.

2.4    Defendant Colville School District ("Defendant" or "District") is a school district located in the County of Stevens, City of Colville, State of Washington. Pursuant to Wash. Rev. Code 28A.320.010, the District is a corporate body that possesses all the usual powers of a public corporation and may sue and be sued and transact all business necessary for maintaining and protecting the rights of the District. The District is entrusted with the responsibility for ensuring the rights and protections under the state Constitution and laws are afforded to students who are entitled to provision of its programs, services, and procedures.

2.5    At the time of the events complained herein, O.G. was a student

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 4

enrolled within the District.

2.6    The District is a recipient of federal funding from the U.S. Department of Education under Section 504 of the Rehabilitation Act of 1973 ("Section 504") and is a "public entity" as defined by the Americans with Disabilities Act, Act, 42 U.S.C. §12101 et seq., ("ADA"), and is a Washington "public school" under Revised Code Washington Section 28A.150.010.

## III.    JURISDICTION AND VENUE

3.1    This case arises under Washington State law, the Washington State Constitution, federal law, and the federal Constitution.

3.2    This Court has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this complaint pursuant to jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Washington State claims under 28 U.S.C. § 1367(a).

3.3    Jurisdiction is also proper in this Court pursuant to RCW 4.96.020, because Plaintiffs served tort claims on the Colville School District on August 4, 2025 (by e-mail) and August 7, 2025 (by mail). Thus, more than 60 days have passed since Plaintiff presented a standard tort claim to the District in connect with this lawsuit.

3.4    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 5

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

both Parties are located here within the Eastern District of Washington, and the events giving rise to this Complaint occurred within the Eastern District of Washington.

## IV.    FACTUAL ALLEGATIONS

4.1    Plaintiff O.G is a Mexican American student. She presents with Latina physical attributes: she has very dark hair, dark eyebrows and extremely dark brown eyes and has light-toned to dark-toned brown skin depending on the time of year.

4.2    She is diagnosed with Autism Spectrum Disorder (ASD) – Level 1, Social Anxiety Disorder (SAD), Obsessive-Compulsive Disorder (OCD) Moderate, and Major Depressive Disorder (MDD), Recurrent, Moderate. Previously, she had been diagnosed with generalized anxiety disorder (GAD). She qualifies as an "individual with a disability" within the meaning of Section 504 and Title II of the Americans with Disabilities Act (42 U.S.C. § 12131(2)), in that she has a mental impairment that substantially limits her ability to perform one or more major life activities and who, with or without a reasonable modification of educational program requirements, meets the essential eligibility requirement for the receipt of general and special education and other services provided by the

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 6

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

District

4.3     Given the severity of her disabilities, O.G. has required and continues to require accommodations and supplementary aides and services due to the substantial impacts her anxiety has on her ability to participate in school, including in her communication, learning, and processing of information. When anxious, she shuts down and isolates. She also has phobias, sensory issues, and significant deficits with social interactions and test anxiety, consistent with her ASD.

4.4     O.G. always struggles with social/emotional connections – particularly among her peers. She often felt excluded and part of the "outside," uncertain about how to create connections and friendships.

4.5     In developing plans for accommodations and supplementary aids and services, school districts nearly universally refer to such plans as "504 plans," named after Section 504 of the Rehabilitation Act of 1972. Colville School District specifically refers to such plans in that manner.

4.6     O.G. has been a student in the Colville School District since kindergarten except for a portion of 6th grade (2020-2021) and seventh grade (2021-2022) when she virtually attended Washington Connections Academy via an interdistrict transfer.

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 7

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

4.7     O.G.'s educational record at the District shows a history of how her anxiety-related behaviors and the uncheck racist remarks have impacted her education throughout the years.

4.8     For example, during her 6th grade (2020-2021) school year, O.G. had a panic attack at school after a teacher kept pushing her to complete a test. She completely decompensated from the pressure, went to the restroom, called her mother sobbing, and asked her mother to come pick her up at school. Following that incident, O.G. refused to go back to school after winter break so her mother pulled her out and put her in an online program (Washington Connections Academy) in a different district, essentially homeschooling her for the remainder of the year and for her seventh-grade year.

4.9     In December 2021, O.G. was formally diagnosed with Generalized Anxiety Disorder (GAD) by Kelly J. Anderson, DNP, FNP at Providence. Given the severity of her anxiety, Dr. Anderson prescribed medicine for her anxiety at the time. O.G. is still currently on medication to address the symptoms related to anxiety.

4.10     Towards the end of O.G.'s seventh grade year (spring of 2022), it became clear to the Mother that O.G. needed more learning support. So, the Mother decided that she would reenroll O.G. with the District for eighth grade.

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 8

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

4.11    Prior to the start of eighth grade (2022-2023 school year), the Mother reached out to Colville School District stating that O.G. would be returning, but that she would need a 504 plan for accommodations to return to school because of the severity of her anxiety.

4.12    The mother ultimately connected with the junior high principal Chris Burch and Counselor Tracy Flugel regarding her request for a 504 plan.

4.13    Despite this explicit referral to evaluate, Counselor Flugel pushed back stating that "all kids have anxiety, we do not do 504s for anxiety". The District never provided a Prior Written Notice (PWN)[1] denying the Mother's request for a 504 evaluation.

4.14    However, the Mother persisted in her request given how debilitating O.G.'s anxiety was on her. The mother insisted that it was necessary to, at minimum, evaluate O.G. to determine if support was necessary.

**Implementing a 504 Plan Did Not Reduce O.G.'s School Avoidance and Refusal**

4.15    Based on District records, by August 2022, the District knew about

---

[1] A PWN is a document outlining the important school district decisions about a student's special education program. Schools are required to provide a PWN after any decision is made regarding a student's IEP, 504, or eligibility for special education. *See* 20 U.S.C. 1415(b)-(c) *and* 34 C.F.R. § 300.503 *and* Wash. Admin. Code (WAC) 392-172-05010 (Prior notice and contents).

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

O.G.'s diagnosis and that she had medication prescribed to treat her anxiety.

4.16    After persistent advocacy from the Mother, at the start of O.G.'s 8th grade year (2022-2023 school year), the District finally agreed to evaluate O.G.

4.17    On August 30, 2022, O.G. was found eligible for a 504 plan for her anxiety/depression because it was impacting her learning and communicating. A 504 plan went into effect that same day that provided O.G. six accommodations:

- "Allow bathroom breaks when needed"

- "Allow [O.G.] to go to the counseling office when she needs to. She will initiate contact with the teacher to inform them of her destination"

- "Allow [O.G.] to volunteer to answer questions or participate in discussions rather than calling on her without warning"

- "[O.G.] needs to sit in front to middle of the classroom"

- "teachers provide written AND verbal instructions when school is missed and [O.G.] needs to catch up"

- "teachers will communicate immediately with parent if any noticeable behavior changes to be proactive"

4.18    On December 1, 2022, the 504 plan was amended to include "Math notes provided daily" as an accommodation in her math classroom.

4.19    Yet, these accommodations did address her anxiety-related

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 10

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

behaviors and did not support her ability to access school.

4.20   O.G. would often feign sickness to get out of going to school. She would claim she was "not feeling well, having a stomachache, or a headache." She would frequently ask her Mother if she could stay home from school or she would text her Mother to pick it up.

4.21   She would text her Mother throughout the school day that she scared; that she hated it at school; and she would beg her Mother, "Please come and pick me up."

4.22   On top of her debilitating anxiety, she had known sensory issues and phobias about germs. Thus, she would avoid using the restroom and hold it all day. As soon as she got home, she would change out of her school close and sequester herself into her bedroom.

4.23   On February 22, 2023, school nurse Rebecca Droter added "Anxiety" as a health condition in Skyward[2].

4.24   By Spring 2023, O.G.'s grades were dropping, and it was also becoming increasingly difficult for the Mother to get her to go to school.

4.25   The Mother communicated these struggles to junior high school

---

[2] Skyward Information Systems (SIS) is a school software management system used by schools to automate and simply daily tasks in the areas of student management. *See* www.skyward.com

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 11

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

Principal Chris Burch and Counselor Tracy Flugel to better support her. The only supports that were provided was to move O.G. out of a math class with a difficult teacher and provide her a break period where she was a library aid.

4.26   Given the major transition from middle school to high school, the Mother requested a meeting with the high school administrators to talk about O.G.'s transition to high school and to discuss her 504 plan.

4.27   However, the high school administrators declined to meet, stating they would just let her transition to high school and then they would reassess her 504 plan as necessary.

4.28   The District never provided a PWN declining the Mother's request to meet.

### O.G.'s Ninth Grade Year (2023-2024 School Year)

4.29   At the start of O.G.'s ninth grade year, the Mother requested to meet with Counselor Corey Cleveland. to discuss O.G.'s 504 plan and to update her accommodations.

4.30   Corey Cleveland was listed as the case manager for O.G.'s 504 plan for the 2023-2024 school year.

4.31   During the first week of school, the Mother had a phone call with Counselor Cleveland to discuss O.G.'s 504 plan and to update her

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 12

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

accommodations and schedule. Despite this conversation, he did not follow through with a 504 meeting to address any changes to her 504 plan.

4.32    Despite Skyward noting that O.G. had a 504 plan, a copy of the 504 plan was not uploaded into Skyward.

4.33    As she had in past years, O.G. started to struggle during her freshman year. She was texting her Mother to pick her up or she would say she was not feeling well to get out of school.

4.34    She started to isolate herself.

4.35    As the year went on, she was accruing more absences, and her grades were greatly impacted.

4.36    She continued to text her Mother to come get her because she was scared and did not feel safe. When classes monitored cell phone usage, the Mother would get emails from O.G.'s school email with similar sentiments.

4.37    For example, she received an October 10, 2023 email stating "I want to come home. I don't like it here. It's scary."

4.38    Her anxiety only increased after winter break and the start of the spring semester it became a daily challenge to get her to school. She would continuously find a reason to get away from campus or isolate herself.

4.39    She would wear her hair long and down to cover her face; wearing

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 13

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

oversized hoodies and large clothing to appear smaller or disappear.

4.40    O.G. would have multiple missing assignments and eventually it would get too overwhelming for O.G. to even address. She would struggle to complete large assignments.

4.41    Despite guaranteeing reasonable accommodations, the District did not provide her with any accommodations prior to January 2024.

4.42    In January 2024, the Mother requested a meeting to discuss her concerns and O.G.'s 504 plan. Principal Gross, Counselor Cleveland, and Mr. Bateman, the vice principal, were present.

4.43    At the meeting, the Mother reiterated the impact of O.G.'s anxiety and requested that the teachers contact her with any concerns. Not all of O.G.'s teachers were present at the meeting.

4.44    None of O.G.'s teachers reached out to the Mother between January 2024 and May 2024. Yet, O.G. behaviors and mental health continued to decline.

4.45    In May 2024, O.G.'s teacher, Deanna Ressa, reached out to the Mother because she was concerned about O.G.'s behaviors in school and O.G.'s ability to engage and access the materials in class. Ms. Ressa informed the Mother that for the first time she had "discovered" that O.G. had a 504 plan.

4.46    Ms. Ressa was extremely apologetic to the Mother for not previously

Cedar Law PLLC
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

knowing about the 504 plan.

4.47   The Mother was understandably frustrated because despite her efforts at the beginning of the year, the District had failed to inform her teachers about the 504 plan with just a few weeks left in the school year.

4.48   On Sunday, May 26, 2024, the Mother emailed the District's Director of Student Services, Jessi Olberding, requesting a meeting regarding O.G.'s 504 plan. She wrote that she "spoke with one of my daughter's teachers who was not even aware she had a 504 plan." She went on to explain that O.G. "struggles with serious anxiety, to navigate school without the support the teachers and administrators are supposed to be providing."

4.49   Dir. Olberding responded that she saw that O.G. "has a 504 and it is reflected in our student management system, but it sounds like something got missed along the way."

4.50   Dir. Olberding and the Mother spoke on the phone as well ahead of the meeting.

4.51   The Mother also spoke with school nurse Rebecca Droter who updated Skyward on May 28, 2024 to note that O.G. takes Prozac for her anxiety.

4.52   While Skyward notes that O.G. has a 504, it did not (and does not) have a copy of the 504 plan that went into effect in August 2022, December 2022,

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 15

or September 2023 (the 504 in place at that time).

4.53   In addition, Skyward did not (and does not) list any of the accommodations that O.G. should have been receiving.

4.54   A 504 meeting occurred on June 3, 2024. The Mother, Dir. Olberding, Nurse Droter, Principal Groce, and two of O.G.'s teachers, including Meredith McCollough, were present.

4.55   Ms. McCollough took handwritten notes during the meeting, noting that the 504 plan was not being followed and that O.G.'s anxiety was extreme.

4.56   During the meeting, the team agreed to add additional accommodations, including a new accommodation that stated that "teachers to be notified of student's anxiety prior to school year/semester . . ."

4.57   Over the 2023-2024 school year, her GPA decreased, and she finished freshman year with a 1.857 GPA and had missed over 15 days for multiple classes the second semester.

4.58   On June 14, 2024, the Mother emailed Principal Groce, Counselor Cleveland, and Ms. Smith asking that O.G. take Algebra during the following school year and reporting that modifying her math would likely be in O.G.'s best interest.

### O.G.'s Tenth Grade Year (2024-2025 School Year)

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

4.59   Prior to the start of 10th grade (2024-2025 school year), the District sent out fall schedules to the students.

4.60   On or about August 29, 2024, the Mother emailed Principal Groce, Dir. Olberding, Counselor Cleveland and Nurse Droter about O.G.'s schedule and explicitly requested to "meet with her teachers early in the semester to go over her 504 and any issues, concerns, or modifications that need to be made." She also reminded the team that "O.G. has significant anxiety that makes it hard for her to concentrate, communicate and does interfere with her ability to complete daily tasks (she has a phobia about germs/sickness)." She reported that O.G. was continuing counseling but these factors "are significant in her ability to function throughout the day."

4.61   A 504 meeting was scheduled for October 1, 2024.

4.62   Around this time, on or about September 30, 2024, Dir. Olberding sent an internal email to staff at Colville High School to explain that the District was "working on a solution to make viewing 504 accommodations easier. The 504s developed so far this school year are posted in Skyward and Gaylynn [Kellum] is working on getting the older 504s uploaded soon." The email provided an attachment to explain how to look at 504 plans in Skyward.

4.63   On October 1, 2024, the Mother, Principal Groce, Dir. Olberding,

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 17

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

Nurse Droter, and according to the signature page, only <u>one</u> of O.G.'s eight teachers were present for a 504 meeting

4.64    Following the meeting, the 504 plan was never uploaded to Skyward nor was the list of accommodations in Skyward. In fact, there was not even a case manager listed for O.G.'s 504 plan for the 2024-2025 school year.

4.65    On top of her school-related anxiety and sensory issues, her anxiety was exacerbated by the hostile and racist remarks made by students. Multiple times a week she was witnessing and listening to students increasingly using threatening and derogatory commentary regarding minority students. As a Latinx student, O.G. took these comments to heart, and they aggravated her anxiety about school.

4.66    O.G. told her Mother that students commonly use the "n-word" and also feel comfortable displaying the nazi salute. She has witnessed this from multiple students in a variety of school settings, and it has occurred multiple times.

4.67    O.G. watched students receive no correction or direction from teachers. Teachers would witness students making these comments and took no action. She feared bringing attention to it would make her the next victim of these racial remarks.

4.68    In January 2025, recognizing O.G. was increasingly struggling at

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 18

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

school, the Mother requested to meet with the school to see how O.G. was doing and was told by the front office and the counseling office that they "don't do conference at this school. It's only for elementary and jr. High schools." [sic]

4.69   That same month, O.G. started counseling with a private provider.

4.70   Following the 2025 presidential inauguration, multiple students would talk with excitement about deporting Hispanic people, including Hispanic students. As a Hispanic student, O.G. felt targeted. Based on the students' comfortability talking about violence against others, O.G. felt that she was a target as a Hispanic student.

4.71   After the school went into lockdown in February/March 2025, her anxiety only increased.

4.72   The Mother was watching her daughter be swallowed by her anxiety and it was impacting on her in every aspect of her day. As O.G.'s anxiety was becoming increasingly more severe, she started refusing to go to school altogether.

4.73   The Mother describes it as watching her daughter turn inward. She felt like she was losing her daughter. O.G. was starting to isolate herself at home from her Mother and any family. She stopped doing things she once loved to do and essentially locked herself away in her bedroom.

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 19

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

4.74   On April 1, 2025, the Mother received a string of text messages from O.G. stating she does not feel safe and that the Mother needed to come get her out of school. The texts continued from O.G such as: "I need to get out of this school", "I'm really scared"; "I'm not gaining anything from being here"; "I'm way more stressed here".

4.75   Eventually, the Mother learned that O.G.'s anxiety attack had stemmed from a charged conversation in one of her classes about Latinx people being deported. When the Mother picked O.G. up that day, she was visibly upset and stated, "I can't go back – I'm not going to go back."

4.76   The Mother tried to encourage O.G. to finish out the school year and get through it with accommodations, but O.G. was firm in her refusal to go back there.

4.77   The school environment was too anxiety-inducing, she was too scared, and she could not learn in that environment.

4.78   In addition, for the second year in a row, the District failed to provide the accommodations guaranteed to her in her 504 plan.

   a. For example, she was supposed to be able to do class presentations independently, but her U.S. History teacher refused to follow this accommodation. Multiple times during the year

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 20

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

O.G. was forced to do both group and independent presentations in that class. During one of the group projects, she was so anxious about peer interactions. She spent the entire weekend perseverating over the social interactions of working with the group over the group protect. She panicked about returning the text messages, connecting with her classmates to work on the assignment, and presenting with her classmates to the whole class.

b.  In addition, she was supposed to get written directions and instructions and be able to obtain copies of missing work when she missed class, such as being provided with a copy of written notes, documentation in google classroom, or being able to take pictures of someone else's notes. However, there were often not complete notes and gaps in information and so O.G. was routinely missing information from the teacher's lectures. These written instructions were supposed to supplemental tool for her to process information from class lectures that were shared verbally, and she was routinely not provided with these accommodations.

c.  She was also not provided with additional time on her tests.

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 21

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

4.79    O.G. did not go back after spring break. She had made comments that she would have rather died or killed herself rather than go back to the that high school. Alarmed by these comments, her Mother understandably stopped trying to push her to go back to school.

4.80    On April 14, 2025, the Mother emailed Dir. Olberding, Principal Groce, and Counselor Cleveland reporting that O.G. was having ongoing issues with students using racist remarks and name-calling (including use of the N word) in her Floriculture class, along with other classes. She identified one student "C" who she reported speaks that way often.

4.81    A meeting was held that same day with her Mother, Principal Groce, Nurse Droter, Counselor Cleveland and Dir. Olberding. The Mother shared with the team that O.G.'s anxiety compiled with the increased racist remarks and threats of violence had only exacerbated her anxiety and her fear about her own safety at school. She shared that along with that, O.G. was struggling with her phobias around germs. She asked for online school options, for O.G. to finish out the school year.

4.82    At that point, O.G. joined the meeting. The team discussed O.G. sensory issues – there was no place to eat lunch that was not crowded or loud. There was no supervision in quieter spaces for O.G. to eat lunch, such as the

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 22

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

library. Because of limitations with supervision, it appeared that the school was just packing all the students into one space, which was completely suffocating for O.G.

4.83    The passing periods were loud, stressful, and caused O.G. significant anxiety.

4.84    She was overwhelmed and struggling with U.S. History because she was not receiving her accommodations and the support she was receiving was insufficient.

4.85    The Mother also shared that O.G. had witnessed students vaping in the bathroom. Mr. Groce chimed in that O.G. needed to come to him if she witnessed these things, but as the Mother pointed out O.G. was not comfortable coming up to a random adult, with whom she had no connection, to report to a peer. O.G. had no relationship with him nor Counselor Cleveland and to that point they had made no effort to get to know her on *her level* or make her feel welcome. She did not feel she had a safe adult to go to at school when her anxiety overwhelmed her. It appeared the staff missed the point that O.G. did not feel safe in school nor had any connection with an adult to report her concerns with, but the staff were more focused on the vaping than O.G.'s wellbeing in that meeting.

4.86    Following the meeting, there was no follow up nor any investigating

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 23

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

into the racist remarks O.G. had endured.

4.87   It was clear from that meeting that multiple teachers were completely unaware that O.G. had a 504 plan.

4.88   On April 15, 2025, the Mother emailed Dir. Oberling, Principal Groce, and Counselor Cleveland detailing her frustration that "the majority of [O.G.]'s teachers are either unaware of the 504 accommodations, and/or are not following them."

4.89   She reminded them that she had met with them in October to check in and ensure they had a plan to help O.G. be successful at school.

4.90   Yet, again her 504 accommodations were not being implemented, and it was having a detrimental effect on O.G.

4.91   O.G. had too many negative experiences at school that made "her feel physically unsafe attending school." The Mother noted she could not force O.G. to attend school and that O.G. and her mother had had enough with O.G. being "discriminated against because of her disability and/or her race."

4.92   On May 27, 2025 a 504 meeting was held to update the 504 plan due to "a recent increase in her anxiety, resulting in lack of school attendance."

4.93   Aside from the one meeting on April 14, 2025, the District did not investigate the complaints of a hostile learning environment based on race.

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 24

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

4.94   O.G. is continuously seeking mental health therapy and has medication management for her generalized anxiety disorder, but it is clear that the school environment and the lack of accommodations and support at school has only aggravated her GAD.

4.95   In response to a public records request, the District provided the Mother with screenshots of O.G.'s Skyward profile. As of June 9, 2025, there was no disability listed on O.G's disability profile. While the profile indicates that O.G. has a 504 plan, there was only one 504 plan attached to her profile, which was uploaded on May 30, 2025. While it indicates there is an October 2024 504 plan, there is not a copy of that plan, nor does Skyward list a case manager or provide a list of 504 accommodations for O.G.

4.96   During July and August 2025, O.G. underwent a comprehensive neuropsychological evaluation at NW Center for Applied Behavior Analysis, as recommended by O.G.'s therapist, Kelsi Adams, LICSW. Dr. Margaret Cox, Ph.D.  performed the evaluation supervised by Dr. Kenneth Mark Derby, Ph.D. Dr. Cox wrote an extensive report of her findings following the evaluation. Dr. Cox diagnosed O.G. with Autism Spectrum Disorder (ASD) – Level 1, Social Anxiety Disorder (SAD), Obsessive-Compulsive Disorder (OCD) Moderate, and Major Depressive Disorder (MDD), Recurrent, Moderate.

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

4.97   Dr. Cox noted that O.G.'s first depressive episode emerged in 6th grade, a time where O.G. began to experience mounting challenges related to autism spectrum disorder, including difficulty sustaining friendships outside of structured contexts, heightened social anxiety, increasing self-consciousness about peer judgment, and sensory distress at school. Stressors such as experiences of racism at school, and persistent difficulties with social integration contributed to feelings of rejection and isolation.

4.98   Dr. Cox shared a list of recommended school modification and accommodations and recommended that the school district re-initiate a special education evaluation, given the significant educational impact of her disabilities that have been interfering with her ability to make consistent social and emotional progress.

4.99   During a September 3, 2025 504 meeting, Director Olberding told the mother that "needing additional time on assignments" varies widely between class, teacher, and assignment and thus could not be clearly defined in the plan. While this accommodation was added into the 504 plan, teachers have stated they do not have clear direction about how that would be implemented across classes and across assignments. The District tried to propose that it would be based on "when arranged by parent or [O.G.]", again attempting to place the burden on

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 26

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

O.G. to handle to receive her accommodations. The Mother pushed to remove that language because with her SAD and ASD diagnosis, that is incredibly difficult for her to do.

4.100 Despite Dr. Cox's diagnosis and recommendations, the District continues to disregard O.G.'s disabilities and question their impact. For example, at the September 2025 504 meeting, Dir. Olberding continued to list General Anxiety Disorder as O.G.'s diagnosis rather than Social Anxiety Disorder and Autism Spectrum Disorder, that significantly impact her ability to access her education and be successful at school.

4.101 The District continues to disregard O.G.'s disabilities and its impact on O.G. to date.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### DISABILITY-BASED DISCRIMINATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT (ADA)
### 42 U.S.C § 12132

5.1    Plaintiff O.G. re-alleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 27

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

5.2    O.G. is an individual with a disability. Plaintiff's disability substantially limits the major life activities of learning and concentrating. Accordingly, Plaintiff is an individual with a disability under the American with Disabilities Act ("ADA"). 42 U.S.C. § 12102(1); 28 C.F.R. § 35.108.

5.3    At all relevant times, Defendant is a public entity as defined under the ADA, 42 U.S.C. § 12131(1)(A).

5.4    Title II of the ADA bars all public entities from discriminating on the basis of disability. 42 U.S.C § 12132.

5.5    The District enjoys no absolute, qualified, Eleventh Amendment or other immunity with respect to Plaintiff's claim under Title II of the ADA.

5.6    By failing to provide O.G. with the academic and related modifications (or reasonable accommodations) to which she is entitled, the District violated the non-discrimination mandate set forth in Title II of the ADA and its implementing regulations. 42 U.S.C § 12132; 28 C.F.R. § 35 *et seq.*

5.7    The District was aware that O.G. experienced severe anxiety and had a 504 plan as a result. Although some District officials had created O.G.'s 504 plan, the District, acting with deliberate indifference, failed to offer, provide, or implement the accommodations or proactively assist O.G. to make academic and emotional progress as required by the ADA.

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 28

5.8    Providing O.G. with the academic and related modifications (reasonable accommodations) to which she was entitled would not have constituted an undue burden or hardship for the District because *inter alia¸* the District agreed the accommodations were necessary.

5.9    Up until August 2022, the District repeatedly, and acting with deliberate indifference, discriminated against O.G. in violation of the ADA by failing to evaluate her for a 504 plan and failing to provide her with an education in the regular educational environment supported by necessary and appropriate accommodations and modifications.

5.10    From September 2023 to present, the District repeatedly, and acting with deliberate indifference, discriminated against O.G. in violation of the ADA by failing to provide her with the agreed upon, necessary and appropriate accommodations and modifications to enjoy the benefits of the District's services, programs, and activities.

5.11    From September 2023 to present, reasonable accommodations necessary to provide O.B. with meaningful access to education were available to the District but were not offered or provided.

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 29

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

5.12   Numerous District administrators, officials, and employees had the authority and the responsibility to rectify the District's failures, as set forth above, but wrongfully failed to take appropriate corrective actions.

5.13   At all relevant times, Defendant District had knowledge it was substantially likely that their acts and failures to act, as set forth in the preceding paragraphs of this Complaint, would harm O.G.'s federally protected right to be free from discrimination, and to enjoy the benefits of the District's services, programs, and activities. Despite this knowledge, the District failed to act upon that likelihood, thereby causing severe and permanent injury to O.G.

5.14   The District's deliberate indifference in violating O.G.'s rights under the ADA was a substantial factor in causing O.G.'s heightened school-based anxiety and severely and significantly impacted on her mental health, manifesting in school refusal, suicidal ideation, withdrawal and other cooccurring symptoms. Plaintiff O.G. is thereby entitled to recover special and general damages from the District.

5.15   The District's deliberate indifference in violating O.G.'s rights under the ADA, as aforesaid, resulted in discrimination against O.G. and denied her meaningful access to public education in Washington, thereby entitling Plaintiff

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

1
2
3

O.G. to recover special and general damages from the District in an amount to be shown at trial.

4
5
6

### SECOND CAUSE OF ACTION:
### DISABILITY-BASED DISCRMINATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

7
8
9

5.16   Plaintiff O.G. re-alleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

10
11
12
13
14
15
16
17

5.17   With respect to District's academic and other programs, O.G. is a qualified individual with a disability within the meaning of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), in that she has a mental impairment that substantially limits her ability to perform one or more major life activities, including learning and concentrating and she meets the essential eligibility requirements for the receipt of educational and other services provided by the District. 29 U.S.C. § 705(20).

18
19
20
21

5.18   Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 bars all federally funded entities (governmental or otherwise) from discriminating on the basis of disability.

22
23
24

5.19   The District receives federal financial assistance and is covered by Section 504.

25

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 31

5.20   The District enjoys no absolute, qualified, Eleventh Amendment or other immunity with respect to Plaintiff's claim under Section 504 of the Rehabilitation Act.

5.21   By failing to provide O.G. the academic and related modifications (or reasonable accommodations) to which she is entitled, the District violated the non-discrimination mandate set forth in Section 504 of the Rehabilitation Act and its implementing regulations. 29 U.S.C. § 794; 34 C.F.R. §§ 104.1 *et seq.*; 34 C.F.R. §§ 104.31-104.36.

5.22   The District was aware that O.G. experienced severe anxiety and had a 504 plan as a result. Although District officials had created O.G.'s 504 plan, the District routinely and repeatedly, and acting with deliberate indifference, failed to offer, provide, or implement the accommodations or proactively assist O.G. to make academic and emotional progress as required by the Section 504.

5.23   Providing O.G. with the academic and related modifications (reasonable accommodations) to which she was entitled would not have constituted an undue burden or hardship for the District because *inter alia* the District agreed the accommodations were necessary.

5.24   Up until August 2022, the District repeatedly, and acting with deliberate indifference discriminated against O.G. in violation of Section 504 by

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 32

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

failing to evaluate her for a 504 plan and failing to provide her with an education supported by necessary and appropriate accommodations and modifications. 34 C.F.R. §§ 140.4, 104.35.

5.25    From September 2023 to present, the District repeatedly, and acting with deliberate indifference, discriminated against O.G. in violation of Section 504 by failing to provide her with an education with the use of appropriate accommodations and modifications, as detailed in her 504 Plan in violation of Section 504. 34 C.F.R. §§ 140.4, 104.35.

5.26    From September 2023 to present, the District repeatedly, and acting with deliberate indifference failed to provide O.G. with an educational program and related aids and services designed to meet her needs as adequately as the needs of non-disabled students of the District in violation of Section 504 and 34 C.F.R. §§ 104.4, 104.3, each of which authoritatively construe the statute.

5.27    From September 2023 to present, reasonable accommodations necessary to provide O.B. with meaningful access to education were available to the District but were not offered or provided.

5.28    Numerous District administrators, officials, and employees had the authority and the responsibility to rectify the District's failures, as set forth above, but wrongfully failed to take appropriate corrective actions.

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 33

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5.29    At all relevant times, Defendant District had knowledge it was substantially likely that their acts and failures to act, as set forth in the preceding paragraphs of this Complaint, would harm O.G's federally protected right to be free from discrimination, and to have meaningful access to education and reasonable accommodation with respect to her educational disability. Despite this knowledge, the District failed to act upon that likelihood, thereby causing severe and permanent injury to O.G.

5.30    The District's deliberate indifference in violating O.G.'s rights under Section 504 was a substantial factor in causing O.G.'s heightened school-based anxiety and severely and significantly impacted on her mental health, manifesting in school refusal, suicidal ideation, withdrawal and other cooccurring symptoms. Plaintiff O.G. is thereby entitled to recover special and general damages from the District.

5.31    The District's deliberate indifference in violating O.G.'s rights under Section 504, as aforesaid, resulted in discrimination against O.G. and denied her meaningful access to public education in Washington, thereby entitling Plaintiff O.G. to recover special and general damages from the District in an amount to be shown at trial.

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 34

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

### THIRD CAUSE OF ACTION:
### (WASHINGTON LAW AGAINST DISCRIMINATION – Chap. 49.60 RCW)
### Discrimination Based on Disability, Race and Perceived National Origin

5.32   Plaintiff O.G. re-alleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

5.33   Plaintiff O.G. is a Mexican- American and has a disability, both protected classes within the meaning of the Washington State Law Against Discrimination ("WLAD"), Wash. Rev. Code (RCW) 49.60.010 *et. Seq.*

5.34   Defendant operates a place of public accommodation, as defined by RCW 49.60.040.

5.35   Defendant violated Plaintiff's right to be free from discrimination based on race and perceived national origin/ethnicity, by acting with deliberate indifference to the racist and derogatory remarks by students that O.G. endured within the educational setting, thus exasperating her anxiety, constituted unfair practices of, and were in violation of the WLAD.

5.36   The deliberate indifference included, but is not limited to:

   a.  Creating a hostile educational environment that tolerates racial and perceived national origin/ethnic discrimination.

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

b. Failing to take meaningful action to correct the conditions causing the racial and perceived national origin/ethnic discrimination against Plaintiff and to prevent its recurrence.

c. Failing to provide adequate training for its administrators and employees to prevent and address racial and perceived national origin/ethnic discrimination despite having notice that its procedures were inadequate and resulting in a violation of Plaintiff's rights.

d. Plantiff subjectively felt mistreated on the basis of her religion and national origin based on clear disparities in treatment and attitude towards of staff towards other students of different demographics.

5.37   Additionally, Defendant's actions (or lack thereof) to, and active engagement and further of the disability discrimination that O.G. endured in the educational setting, including but not limited to failing to provide her reasonable accommodations, and failing to follow her 504 plan, addressing the racist remarks that were impacting her ability to access her education setting, constituted unfair practices of, and were violations of the WLAD.

5.38   Plaintiff subjectively felt mistreated on the basis of her disability

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 36

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

based on the clear disparity on treatment and attitudes of the District staff towards O.G.

5.39   Defendant is strictly liable for any such discrimination by its employees as a place of public accommodation. *See W.H. v. Olympia Sch. Dist.*, 465 P.3d 322, 329 (June 19, 2020).

5.40   Plaintiff's protected statuses were a substantial factor in the District's actions and those of its agents/ employees towards her.

5.41   The District's response to the discriminatory educational environment was neither reasonably prompt nor adequate and constituted an unfair practice under the WLAD.

5.42   The District violated the WLAD by denying Plaintiff equal educational opportunity and access to its programs and services.

5.43   As a direct and proximate result of these violations of O.G.'s clearly established rights, she has suffered and will likely continue to suffer injuries and losses as well as general and special damages in an amount to be proven at trial.

5.44   Plaintiff O.G. is also entitled to and seeks reasonable attorneys' fees and costs pursuant to the WLAD.

## FOURTH CAUSE OF ACTION:
### VIOLATION OF RCW 28A.642
### Equal Education Opportunity Law (EEOL)

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 37

5.45    Washington's Equal Education Opportunity Law (EEOL) RCW 28A.642, *et seq.* forbids discrimination in Washington public schools on the "basis of race, creed, religion, color, national origin, honorably discharged veteran or military status, sexual orientation including gender expression or identity, the presence of any sensory, mental, or physical disability, or use of a trained dog guide or service animal by a person with a disability."

5.46    Under the EEOL, the District is responsible for addressing discriminatory harassment about which it knew or reasonably should known.

5.47    The actions and inactions of Defendant created a sufficiently severe, pervasive, and hostile educational environment such that Plaintiff was limited or unable to benefit from the services or opportunities offered by the District.

5.48    Plaintiff is entitled to seek judicial relief for violations of her rights.

## FIFTH CAUSE OF ACTION:
## COMMON LAW NEGLIGENCE

5.49    Plaintiff O.G. re-alleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

5.50    The District stood *in loco parentis* as to Plaintiff from the time she entered the District.

5.51    The District and its Board had non-delegable duties to exercise

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 38

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

reasonable care in its selection, training, supervision, and/or retention of individual people they employed as administrators and educators to educate, serve, and protect students.

5.52    The District breached its duty to exercise reasonable care to educate, assist, protect and serve Plaintiff.

5.53    Defendant also breached its non-delegable common law duties to (a) exercise reasonable care in the selection, training, supervision, and/or retention of its staff, administrators, investigators, and other persons they employed to educate, service, and protect students and (b) to exercise reasonable supervision of students.

5.54    Specifically the District failed or refused to:

a.  Ensure all staff involved in supervising Plaintiff and other students were appropriately trained on the District's policies and procedures regarding race-based and perceived national origin/ethnicity discrimination; regarding disability discrimination and 504 plans; and

b.  Ensure all staff involved reasonably supervised Plaintiff and other students to appropriately address race-based and perceived national origin/ethnicity discrimination and disability

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 39

1

2

discrimination of Plaintiff.

5.55    The District and its Board are also vicariously liable for the negligent

3

4

acts and/or omissions by its employees as the Plaintiff.

5

6

5.56    The District owed Plaintiff O.G. numerous duties. Defendant's

duties include, but are not limited to: 1) the duty to protect students in its custody

7

8

from foreseeable harm; (2) the duty to anticipate harm which may reasonably be

anticipated and to then take precautions to protect students in its custody from

9

10

such harm; (3) the duty to respond appropriately once aware that its students are

11

exhibiting signs of emotional and behavioral distress and make appropriate

12

13

referrals; (4) the duty to protect its students' ability to maintain a healthy

educational environment; (5) the duty to address race-based harassment,

14

15

intimidation, and bullying, and (6) the duty to properly ensure its employees are

16

properly trained to perform their duties.

17

18

5.57    The District negligently breached each of the above duties. Those

19

breaches include, but are not limited to: (1) the failure to protect Plaintiff O.G.

20

from foreseeable harm and to anticipate foreseeable harm of students in its

21

custody; (2) the failure to respond appropriately when Plaintiff O.G. exhibited

22

23

signs of emotional and behavioral distress; (3) the failure to maintain a healthy

24

educational environment; (4) the failure to exercise reasonable care in ensuring

25

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 40

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

employees were properly trained to perform their duties owed to Plaintiff O.G.; and (5) failure to address the race-based harassment, intimidation, and bullying, and (6) the failure to properly train and/or supervise employees.

5.58    As a direct and proximate result of its breaches of duty, Plaintiff O.G. suffered damages set forth herein in an amount to be proven at trial.

5.59    Defendant had a duty to reasonably protect Plaintiff from discrimination in Colville School District and failed to do so. Defendant breached this duty by failing to carry out statutory duties under RCW28A, among other laws, according to prescribed procedures.

### FIFTH CAUSE OF ACTION:
### LOSS OF CONSORTIUM

5.60    Plaintiff, Heather Gregory, re-allege and incorporate herein the preceding paragraphs of this Complaint as though set forth in full.

5.61    Plaintiff Heather Gregory is the natural mother of O.G. and has supported her since birth.

5.62    As a direct and proximate result of Defendant's tortious conduct, Plaintiff has suffered a loss of consortium with her daughter, resulting in general and special damages in an amount to be proven at trial.

### VI. PRAYER FOR RELIEF

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 41

1

2       6.1  Plaintiffs request relief as follows:

3
            a.      For judgment against Defendants for state and federal civil
4
                    rights violations; negligence; and loss of consortium;
5

6           b.      For judgment against Defendant for all general and special

7                   damages in amounts to be proved at the time of trial;

8
            c.      For an award of costs and attorney's fees under 42 U.S.C. §
9
                    12205, 29 U.S.C.§ 794, RCW 49.60.030(2), RCW 4.84.010 –
10
                    .015, and any other applicable provisions of federal or state
11
                    law; and
12

13          d.      For pre and post interest judgment at the highest lawful rate;

14
            e.      For such other and further relief as the Court may deem just
15
                    and equitable.
16

17                        **VII. RESERVATION OF RIGHTS**

18

19      7.1     Plaintiffs reserve the right to assert additional claims as may be

20  appropriate following further investigation and discovery.

21

22                            **VIII. JURY DEMAND**

23

24

25  COMPLAINT FOR DAMAGES AND JURY DEMAND
    Page – 42

**Cedar Law PLLC**
600 1st Ave. Ste. 330 PMB 96563
Seattle, WA 98104-2246
Phone: (206) 607-8277
Fax: (206) 237-9109

8.1     Under the Federal Rules of Civil Procedure, Plaintiffs demand that this action be tried before a jury.

DATED this 20th day of October, 2025.

CEDAR LAW PLLC

Alex Hagel, WSBA No. 55423

Sydney Bay, WSBA No. 56908
600 1st Ave. Ste. 330 PMB 96563
Seattle, Washington 98104-2246
Telephone: (206) 607-8277
Fax: (206) 237-9101
E-mail: alex@cedarlawpllc.com
          sydney@cedarlawpllc.com
*Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES AND JURY DEMAND
Page – 43